## Case No. 10,672.

### PAIGE v. LORING.

[1 Holmes, 275.] [1]

Circuit Court, D. Massachusetts. Oct., 1873.

BANKRUPTCY—FRAUDULENT PAYMENTS—RECOVERY BY ASSIGNEE—TRIAL—INTEREST REMITTED.

1. Under the thirty-fifth section of the bankrupt act [of 1867 (14 Stat. 534)], an assignee in bankruptcy may recover money paid to a creditor by the bankrupt, as a fraudulent preference, within four months before the petition in bankruptcy, if at the time of the payment the creditor had reasonable cause to believe that it was made in contemplation of insolvency, and to give him a preference over other creditors; although he had no reasonable cause to believe the debtor then to be insolvent in fact.

[See Alderdice v. State Bank of Virginia, Case No. 154.]

2. Evidence of a statement made by the defendant to a witness, of the contents of a letter of the defendant not called for, is competent.

3. It is not error to allow the plaintiff to remit an excess of interest found in the verdict, and then affirm the verdict, so amended.

[In error to the district court of the United States for the district of Massachusetts.]

Error to the district court of Massachusetts. An action was brought in the district court, under the thirty-fifth section of the bankrupt act, by [John A.] Loring, as assignee in bankruptcy of one Charles E. Paige, Jr., to recover money alleged to have been paid to the plaintiff in error by the bankrupt, as a fraudulent preference. At the trial in the district court, the verdict was for the assignee [case unreported], and plaintiff in error brought the suit to this court by writ of error.

Edward Avery and George M. Hobbs, for plaintiff in error.

John A. Loring, for defendant in error.

SHEPLEY, Circuit Judge. The principal question presented by the exceptions in this case arises upon the construction given by the court, in the charge to the jury, of the first clause of the thirty-fifth section of the bankrupt act. The defendant asked the court to instruct the jury that, under the first and second counts in the plaintiff's declaration, plaintiff must prove that C. E. Paige, Jr., was insolvent in fact, and that the defendant had reasonable cause to believe him to be so; and that it was not enough for the plaintiff to show under these counts that there was danger of insolvency as a coming result, or likely to ensue, but he must show that C. E. Paige, Jr., was insolvent in fact. Upon this prayer, the court

1 [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

instructed the jury, that, if they found that C. E. Paige, Jr., was insolvent, or contemplated insolvency, and paid debts to his father, and his father, the defendant, had reasonable cause to believe this, and that the son intended thereby to prefer him, the plaintiff could recover. Taken in connection with the request, and with the other portions of the charge, the court substantially instructed the jury that if Paige, Jr., was insolvent, or contemplated insolvency, and paid debts to the defendant, and the defendant had reasonable cause to believe that he was insolvent, or contemplated insolvency, and intended thereby to prefer him in fraud of the act, the plaintiff was entitled to recover.

This instruction makes it sufficient that the party receiving the fraudulent preference should have reasonable cause to believe that the debtor was contemplating insolvency. Defendant contends that it is necessary that he should have reasonable cause to believe him to be insolvent in fact, and that reasonable cause to believe him to contemplate insolvency is not sufficient to invalidate the fraudulent preference.

The literal reading of the thirty-fifth section would seem at first to sustain the instruction asked for by the defendant. "If any person being insolvent, or in contemplation of insolvency, within four months before the filing of a petition by or against him, with a view to give a preference to any creditor, or person having a claim against him, &c., . . . makes any payment, . . . the person receiving such payment, . . . having reasonable cause to believe such person is insolvent, and that such attachment, payment, pledge, assignment, or conveyance, is made in fraud of the provisions of this act, the same shall be void, and the assignee may recover the property, or the value of it, from the person so receiving it," &c. Was it intended by the omission of the words "in contemplation of insolvency," in the latter part of the section, that property paid by a debtor to his creditor in contemplation of insolvency, and with an intent to give a fraudulent preference, should not be recovered back, when the creditor receiving it had knowledge of all this, and reasonable cause to believe it, simply because while he had reasonable cause to believe the payment to be made in contemplation of insolvency, he had not reasonable cause to believe the debtor to be insolvent in fact?

This construction would not give effect to the manifest intent of the statute, which is expressed by the words "that such attachment, payment, pledge, assignment, or conveyance, is made in fraud of the provisions of this act." "Contemplation" is not used in this first part of the first clause, in the thirty-fifth section, in the sense of meditation merely. It refers to the condition of a debtor who knows he will be unable to pay his debts as they become due, or who does not expect or intend to do so. Contemplating this, the

debtor cannot pay one creditor to the exclusion of others, without a fraud upon the bankrupt act. Having reasonable cause to believe that the debtor contemplates this, the creditor cannot receive the payment without the liability to refund it, if the debtor is declared bankrupt, and the assignee brings the action, both within the time limited by the statute. In Gibson v. Warden, 14 Wall. [81 U. S.] 248, the court say, "To bring a case within the first clause, the act must have been done by a person insolvent, or in contemplation of insolvency, with a view to give a preference to a creditor or person having a claim against, or who is under a liability for, the bankrupt; and such person must have reason to believe that the transaction is in fraud of the statute." This appears to be the true construction of this clause, and it supports the instruction as given by the district judge.

Exception was taken to the ruling of the district judge upon the admissibility of certain evidence. The plaintiff called J. C. Harding as a witness, who testified that he was present at an interview between the defendant and the creditors of his son. Witness told defendant he had ruined his son's credit by writing a certain letter. Defendant took up a letter which he said was a copy of, or a letter the same as, a letter he had written to the New York creditors, and read it to witness. Witness was asked to repeat what the defendant read to him as the contents of the letter. Defendant objected, no notice having been given to produce the letter. The court permitted the witness to state his recollection of what the defendant read to him. The testimony was rightly admitted. The witness was not asked to state the contents of the letter, but what the defendant stated to him to be the contents of the letter. It does not appear that the witness read the letter or knew its contents, except as the defendant stated them, and non constat that he stated them correctly. It was this statement that the witness was asked to repeat.

The jury returned a verdict for the plaintiff for the sum of thirty-five hundred and forty dollars and twenty-five cents, with interest from the date of the several payments, and then, in their verdict, gave the dates and amounts of the several payments making the aggregate sum. On motion for new trial, the court ordered a new trial, unless the plaintiff should, within one week, remit all interest prior to the date of his writ. The plaintiff thereupon, in open court, remitted as required, and the motion for new trial was overruled. To this ruling and order defendant excepted. There was no error in allowing the plaintiff below to remit the excess of interest, and in affirming the verdict after this was done. The right and duty of the court thus to amend the verdict, and give judgment according to the right of the cause and matter of law, as it shall appear to the

court, is declared by the act of 1789, c. 20, § 32 [1 Stat. 91], and affirmed in Roach v. Hulings, 16 Pet. [41 U. S.] 321, and Parks v. Turner, 12 How. [53 U. S.] 45.

Judgment of the district court affirmed.